Wkight, J.,
delivered the opinion of the Court.
On the 1st of March, 1852, James W. Cardwell,■' the husband of complainant, made a conveyance by deed in fee simple, to the defendant, Felix R. Cheatham, of a lot in the city of Nashville.
The deed, upon its face, was in trust, that said Cheatham should hold the legal title of the lot for the sole .and separate use and benefit of complainant; the same not to be liable to the control, or for any debt, or responsibilities to be contracted or incurred by the said James W. Cardwell, and that the said Cheatham should permit her to use, occupy, rent out, or improve the lot as she might think proper; and at her request in writing, to sell and convey the same, and to re-invest the proceeds as she, in writing, might direct; and that the-property acquired by the re-investment should be held by the trustee, in like manner as the original estate; and that said trustee should be responsible only for-fraud or gross neglect of duty,, and not for any mismanagement of complainant, in the premises.
On the 17th day of November, in the same year, the said Cheatham, in his character of trustee, signed and executed a deed of conveyance, in fee simple, of .said lot to the defendant, A. L. Davis, for the consid- *18 oration of $>300, as stated in the deed, which is therein admitted to have been received by said Cheatham. At the foot of the deed to Davis, and upon the same paper,'the complainant executed the following writing: “It is at my desire and request that E. R. Cheatham, trustee, has made and executed the above deed, and I hereby ratify and confirm it in every respect; and I hereby, warrant and defend the title to said lot specified in the above deed, against the right, title, interest or claim of all and every person or persons whatsoever. In witness whereof, I have hereunto set my hand and seal, this the 17th of November, 1852.
MARTHA A. CARDWELL, [l. s.]
Test: John Coltaet, H. G. Bennett.
Complainant’s husband has since departed this life, and she now brings this bill against defendants, Cheat-ham, Davis and Johnson, to recover this lot.
Among other things, sire charges that her husband, in violation of the express terms of the conditions of said deed of trust, and in fraud of her rights, sold said lot to the defendant, Davis, for $300, and received the pay, and that said Davis and Cheatham fraudulently combined with said James W. Cardwell to deprive her of the benefit of said deed, and that said Cheatham executed a deed to said lot to defendant Davis, he, at the time, well knowing the condition of her title, and permitted said James W. to use and consume the proceeds thereof, and failed to re-invest the same as directed in said deed.
She also alleges, that she was forced to sign the writing at the foot of the deed, and did so in ignorance of her rights.
*19 The defendants, Davis and Cheatham, in their answers, deny tho charges of fraud and coercion, in detail; and Davis avers that the title was made in accordance with the terms of tho trust deed, and that the complainant’s rights were fully protected by her trustee.. He admits, however, that ‘the trade for tho lot was made with complainant’s husband.
Tho defendant, Cheatham, states in his answer, that his name was used as trustee in the deed without his knowledge or assent; that he has no recollection of ever seeing it, until ho saw it as an exhibit in complainant’s bill. He, however, admits his signature to the deed, to Davis, but has no recollection of ever executirg it, and is certain he never saw complainant to know her, and never received one dollar of the consideration recited in. the deed.
He supposes that complainant’s husband, for his own. purposes, used his name in the first deed without consulting him, and that he afterwards brought the deed, to< Davis, with his wife’s authority appended, and requested him to execute it, stating, doubtless, that it was all* right, and that it was a mere matter of form — the legal title having been conveyed to him, and that he-signed his name accordingly. That.“bis whole and..sole agency in the business was tho execution of the deed) to Davis when it was brought to him, with complainant’s written authority appended.”
Ho states further, that he has no doubt complainant’s husband resorted to the plan of conveying the lot in trust for his wife, to protect it1 from his creditors, and with such provisions as enabled him, readily, to dispose of it whenever a fit opportunity presented itself. .
*20 Cheatham was the Clerk of the County Court, and the deed of trust was duly acknowledged by James W. ■Cardwell, before his deputy, upon the day of its date, .and duly registered the next day.
No proof was taken in the cause. .The Chancellor, in his decree, denied complainant any relief, and dismissed her bill.
In this, we think, he erred. We do not place our ■objections to the decree upon any want of formality in the execution of the power. It may be conceded that ■the wife’s request was sufficient, and that it was given .simultaneously with the deed, and as a part of it; and that if it were not for other difficulties in the way, a ■valid title would have passed.
It may also be true, that if Davis, in this transaction, had occupied the position of a bona fide purchaser, without notice of a breach of the trust reposed in Cheatham, he would not have been bound to see to the application of the purchase money, by its re-investment in other property, for the use of complainant. 1 W. & T. Leading Cases in Eq., and notes to Elliott v. Merryman, 66, 67, 76, 77; Wormley v. Wormley, 8 Wheat. 421.
We may concede too, as we do, that Cheatham is free of all intentional wrong. We are obliged to. take it that he accepted this trust, and that he and Davis had full knowledge of the terms of the deed. Indeed, Davis’ title depends upon his acceptance. Then what is the nature of this transaction ? It was the duty of the defendant, Cheatham, as the trustee of the complainant, upon her written request, personally, himself, to sell this lot, and to receive the proceeds, and re-invest it in *21 other property, under her written directions. A sale by the husband was totally unauthorized by the trust. The trustee could not, legally, pay the purchase money to him, or permit Davis to do so, without a plain violation of the terms of the deed. To do so would be a gross neglect of duty, and if allowed, would, in effect, annul the trust altogether.
We have no evidence, nor is it alleged, that the husband received this fund with the complainant’s consent. But this could make no difference; for by the very terms of the deed, he was to have no control over it. Neither was she to have the fund produced by the sale of the lot. It was to be re-invested by the trustee in other property. She was to use, occupy, rent out, or improve the original or substituted property as she might think proper; and for any mismanagement on her part, as to these things, the trustee was not to be liable. But the body of the estate, the fund itself, was not to be consumed or destroyed, but the same was secured, in the hands of the trustee, against the power of the husband, and weakness of the wife. Methodis Episcopal Church v. Jaques: 3 Johns. Ch. R. 78; Notes to Hulme v. Tenant, 1 W. & T. Leading Cases in Eq., 369, 370, 373, 375, 376.
Now what has been done in this case? and what part did Cheatham and Davis take in it ? Why, simply, the husband, himself, sold the lot to Davis, and received and used the money, and Cheatham, simply, signed the deed to carry out the husband’s sale. There has been no re-investment; nor was the sale made for any such purpose, but exclusively for the husband’s use. And, both Davis and Cheatham knew it at the time, *22 and became directly parties to it, the one by making the purchase and paying the money, and the other by signing the deed to carry it out. This is the plain meaning of the answers. If so, there was' a palpable breach of trust, in fraud of the power, and Davis cannot, in equity, be allowed to hold property thus acquired.
The principles laid down in the cases of Wormley v. Wormley, 8 Wheat. 421, and Champlin v. Hoight, 10 Paige 274, are, it seems to us, decisive against this purchase.
To be sure, in the notes to Elliott v. Merryman, 1 W. & T. Leading Cases in Eq. 77, the case in Paige is stated to have been reversed, on another point, upon appeal. (7 Hill 245.)
The defendant, Johnson, can be in no better condition. There is nothirg in this record to show that he is an innocent purchaser. There is no plea or answer as to him, and no proof. N) deed is shown as to him, or that he paid anything. Neither he nor any of his co-defendants have given him the attitude of an innocent purchaser. 1 Meigs Dig. 244, 245.
Decree reversed.